IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 25-4496

---

# IN THE MATTER OF THE SEARCH OF: UNDER SEAL

---

Appeal from the United States District Court
for the Eastern District of Virginia
at Alexandria
*The Honorable Michael S. Nachmanoff, District Judge*

---

# SUPPLEMENTAL BRIEF OF THE UNITED STATES

---


Todd W. Blanche
Attorney General

Theophani K. Stamos
First Assistant United States Attorney

Jacqueline R. Bechara
Assistant United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700

*Attorneys for the United States of America*

## Table of Contents

**Page**

Table of Authorities ........................................................................................ ii

Introduction ............................................................................................................1

Argument................................................................................................................1

The Court lacks jurisdiction over this appeal. ........................................................1

A. The district court's order is not final. ..................................................1

B. The district court's order is not an appealable collateral order. ............3

1. The order denying unsealing does not satisfy *Cohen*. ....................5

2. The order denying unsealing does not satisfy *DiBella*'s exception. ........................................................................................7

C. No other basis for jurisdiction exists. .................................................10

Conclusion ............................................................................................................10

Certificate of Compliance ....................................................................................12

## Table of Authorities

**Page**

**Cases**

*Balt. Sun Co. v. Goetz*, 886 F.2d 60 (4th Cir. 1989) .............................................. 10

*Burke v. United States*, No. 23-13649,
2024 WL 2698025 (11th Cir. May 24, 2024) (per curiam) ......................... 5, 7

*Cogen v. United States*, 278 U.S. 221 (1929) .......................................................... 4

*Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949) .................................. 3

*DiBella v. United States*, 369 U.S. 121 (1962) ............................................... passim

*Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863 (1994) .......................... 2

*Flanagan v. United States*, 465 U.S. 259 (1984) ........................................ 1, 3, 5, 6

*In re Application of U.S. for an Order Pursuant to 18 U.S.C. § 2703(d)*, 707 F.3d 283 (4th Cir. 2013) ..................................................... 10

*In re Grand Jury*, 635 F.3d 101 (3d Cir. 2011) ........................................................ 4

*In re Sealed Case*, 716 F.3d 603 (D.C. Cir. 2013) .................................................. 9

*In re: Search Warrant Issued June 13, 2019*,
942 F.3d 159 (4th Cir. 2019) ........................................................................ 9

*In re: Search Warrants Issued Feb. 18, 2022*,
111 F.4th 316 (4th Cir. 2024) ............................................................. passim

*Parrish v. United States*, 376 F.2d 601 (4th Cir. 1967) (per curiam) ........................ 4

*Under Seal v. Under Seal*, 326 F.3d 479 (4th Cir. 2003) .......................................... 7

*United States v. Carrington*, 91 F.4th 252 (4th Cir. 2024) ........................................ 2

*United States v. Century Clinic*, No. 92-15534,
1992 WL 387175 (9th Cir. Dec. 24, 1992) (order) ........................................ 5

*United States v. Doe*, 962 F.3d 139 (4th Cir. 2020) ............................................ 1, 2

*United States v. Furina*, 707 F.2d 82 (3d Cir. 1983) ..................................... passim

*United States v. Hickey*, 185 F.3d 1064 (9th Cir. 1999) ...................................... 2, 6

*United States v. Moussaoui*,
43 F. App’x 612 (4th Cir. 2002) (per curiam) ................................................ 7

*United States v. Nocito*, 64 F.4th 76 (3d Cir. 2023) ....................................................9

*United States v. Reg'l Consulting Servs. for Econ. & Cmty. Dev., Inc.*,
766 F.2d 870 (4th Cir. 1985) ....................................................................9

*United States v. Sealed Search Warrants*,
868 F.3d 385 (5th Cir. 2017) ........................................................... 4, 8, 9

*United States v. Sueiro*, 946 F.3d 637 (4th Cir. 2020)................................. 1, 3, 5, 7

*United States v. Under Seal*, 853 F.3d 706 (4th Cir. 2017).......................................2

**Statutes**

28 U.S.C. § 1291 ...................................................................................... 1, 10

28 U.S.C. § 1292 ..............................................................................................1

28 U.S.C. § 1292(a)(1)......................................................................................10

**Rules**

Fed. R. Crim. P. 41(g) ............................................................................. 4, 10

**Treatises**

15B Wright & Miller's Federal Practice & Procedure
§ 3916 (3d ed. 2026)..........................................................................3

## Introduction

The movant appeals from the district court's order denying his motion to unseal a search warrant affidavit. The Court directed the parties to file supplemental briefs addressing appellate jurisdiction. Because the district court's order denying unsealing is neither a final order nor an appealable collateral order, and because there is no other basis for this Court's jurisdiction, the Court should dismiss the appeal.

## Argument

### The Court lacks jurisdiction over this appeal.

"Federal courts have an independent duty to confirm their own jurisdiction even when, as here, it [was] unquestioned by the parties." *United States v. Doe*, 962 F.3d 139, 143 (4th Cir. 2020). "Under 28 U.S.C. §§ 1291 and 1292," the Court has "jurisdiction only over final orders and certain interlocutory and collateral orders." *Id.* "[T]he party asserting appellate jurisdiction bears the burden of proving its existence." *In re: Search Warrants Issued Feb. 18, 2022*, 111 F.4th 316, 319 (4th Cir. 2024).

#### A. The district court's order is not final.

"Under the final judgment rule, federal appellate court jurisdiction is limited to reviewing 'final decisions of the district court.'" *United States v. Sueiro*, 946 F.3d 637, 639 (4th Cir. 2020) (quoting *Flanagan v. United States*, 465 U.S. 259, 263 (1984)). "The final judgment rule serves several important interests," including

"minimizing appellate-court interference with the numerous decisions [trial judges] must make in the pre-judgment stages of litigation," reducing "the ability of litigants to harass opponents and to clog the courts through a succession of costly and time-consuming appeals," and promoting "the efficient administration of justice." *Flanagan*, 465 U.S. at 263–64. "These concerns are even greater in criminal cases, as piecemeal criminal appeals also implicate a criminal defendant's right to a speedy trial and the public's interest in the swift administration of criminal trials." *In re: Search Warrants Issued Feb. 18, 2022*, 111 F.4th at 320.

"Generally, a final decision 'ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment.'" *United States v. Under Seal*, 853 F.3d 706, 717 (4th Cir. 2017) (quoting *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994)). "In criminal cases, 'final judgment means conviction and sentence.'" *United States v. Carrington*, 91 F.4th 252, 264 (4th Cir. 2024) (quoting *Under Seal*, 853 F.3d at 717). The order denying the motion to unseal the affidavit "is clearly neither," *id.*, and therefore is not a final decision. *See, e.g.*, *United States v. Hickey*, 185 F.3d 1064, 1065 (9th Cir. 1999); *United States v. Furina*, 707 F.2d 82, 82 (3d Cir. 1983).

*Doe* does not hold otherwise. *Contra* Mov. Br. 1–2. In that case, the defendant moved to seal a postconviction order denying a sentence reduction, which referenced his cooperation. *Doe*, 962 F.3d at 142. This Court held the district court's

order denying the motion to seal "was a final, post-judgment order," not "collateral to an ongoing proceeding." *Id.* at 143. For good reason: After final judgment, there is not only "little danger of interference with continuing trial court proceedings" or "repetitious appellate consideration of related issues," but also "little prospect that further proceedings will occur to make [the post-judgment proceedings] final." 15B Wright & Miller's Federal Practice & Procedure § 3916 (3d ed. 2026). The same is not true in the preliminary posture here.

### B. The district court's order is not an appealable collateral order.

The Supreme Court "has allowed a departure" from the final judgment rule "only for the limited category of cases falling within the collateral order exception." *Flanagan*, 465 U.S. at 265 (internal quotation marks omitted). There are two ways to conceive of that exception in this case. Generally, "a collateral order is immediately appealable if it (1) 'conclusively determine[s] the disputed question,' (2) 'resolve[s] an important issue completely separate from the merits,' and (3) is 'effectively unreviewable on appeal from a final judgment.'" *Sueiro*, 946 F.3d at 639 (alterations in original) (quoting *Flanagan*, 465 U.S. at 265); *see Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).

Relatedly, in *DiBella v. United States*, 369 U.S. 121 (1962), the Supreme Court held that "[a]n order granting or denying a pre-indictment motion to suppress does not fall within any class of independent proceedings." *Id.* at 129. "No less

when it precedes indictment," the Supreme Court explained, a motion to suppress "presents an issue that is involved in and will be part of a criminal prosecution in process at the time the order is issued." *Id.* at 127. "Only if the motion [1] is solely for return of property and [2] is in no way tied to a criminal prosecution in esse against the movant can the proceedings be regarded as independent." *Id.* at 131–32. Although *DiBella* "did not mechanically apply the three-pronged test typically used to identify appealable collateral orders," this Court explained, *DiBella* is "essentially a collateral-order holding." *In re: Search Warrants Issued Feb. 18, 2022*, 111 F.4th at 323 n.13.

"The basis of *DiBella* is that the assailed ruling was 'but a step in the criminal case preliminary to the trial thereof.'" *Parrish v. United States*, 376 F.2d 601, 603 (4th Cir. 1967) (per curiam) (quoting *Cogen v. United States*, 278 U.S. 221, 227 (1929)). Courts have therefore applied *DiBella* in this context, recognizing that where a motion to unseal seeks "disclosure of the affidavit in order to secure evidence for" a motion under Federal Rule of Criminal Procedure 41(g), "[t]he lack of finality which attaches to [an] order denying return and suppression necessarily applies to preliminary matters as well." *Furina*, 707 F.2d at 84; *see In re Grand Jury*, 635 F.3d 101, 106 (3d Cir. 2011) (same); *see also United States v. Sealed Search Warrants*, 868 F.3d 385, 388–90 (5th Cir. 2017) (holding that order denying motion to unseal search warrant affidavits satisfied *DiBella* exception); *United*

*States v. Century Clinic*, No. 92-15534, 1992 WL 387175, at *1 (9th Cir. Dec. 24, 1992) (order) ("By moving for the unsealing of their search warrants, Century Clinic placed its motion outside of the *DiBella* exception for appellate jurisdiction."). By contrast, one court has determined *DiBella* does not supply the proper framework because it "did not address an order denying a motion to unseal." *Burke v. United States*, No. 23-13649, 2024 WL 2698025, at *1 (11th Cir. May 24, 2024) (per curiam).

The Court need not resolve that question here. Ultimately, whether the Court applies the three-pronged collateral-order test derived from *Cohen* or the exception outlined in *DiBella*, the order denying unsealing in this case is not appealable.

**1. The order denying unsealing does not satisfy *Cohen*.**

The Supreme Court "has interpreted the requirements of the collateral-order exception to the final judgment rule with the utmost strictness in criminal cases." *Flanagan*, 465 U.S. at 265. Accordingly, "the Supreme Court has only held that four types of orders [in criminal cases] are immediately appealable: orders denying a Double Jeopardy Clause challenge, orders denying a Speech or Debate Clause challenge, orders denying a motion to reduce bail, and orders allowing for the forced medication of criminal defendants." *Sueiro*, 946 F.3d at 640. In this case, the order denying unsealing fails all three prongs of the collateral-order test.

*First*, the order does not "conclusively determine that the affidavit[] must remain sealed forever." *See Hickey*, 185 F.3d at 1067. The movant can renew his unsealing request at any time. *Cf. Furina*, 707 F.2d at 85 (expressing confidence the district court would "permit appellants to reassert their claims if there is unreasonable delay" in grand jury proceedings). If the movant is charged, then he will obtain the search warrant affidavit in discovery. And if he is not, then he could obtain the affidavit, at the latest, at the conclusion of the underlying investigation. *See Hickey*, 185 F.3d at 1067 (recognizing that "the government's chance of prevailing in a renewed motion to unseal the [financial] affidavits [would] be considerably stronger" after the defendants had been tried).

*Second*, the order denying unsealing "is not completely separate from the merits of the case." *Id.* "An order that maintains documents under seal is tantamount to a garden variety evidentiary ruling that is classically interlocutory and not appealable." *Id.* That is particularly true of a search warrant affidavit, as "the legality of the search too often cannot truly be determined until the evidence at the trial has brought all circumstances to light." *DiBella*, 369 U.S. at 129.

*Third*, the order denying the motion to unseal is not "effectively unreviewable on appeal from a final judgment." *See Flanagan*, 465 U.S. at 265 (internal quotation marks omitted). "[C]ollateral orders in criminal cases are only 'effectively unreviewable' if an important right . . . would be lost irreparably if review awaited

final judgment." *Sueiro*, 946 F.3d at 639 (internal quotation marks omitted). If the movant is indicted, then "a motion to suppress would be proper and, if necessary, appellate review would be available at the appropriate time." *Furina*, 707 F.2d at 85. If not, then the movant can bring "an independent proceeding for return of the property." *Id.* Moreover, "parties dissatisfied with sealing or unsealing orders have at their disposal what is in fact the preferred vehicle for review: petitions for mandamus." *Under Seal v. Under Seal*, 326 F.3d 479, 485 n.5 (4th Cir. 2003).

Therefore, the order denying unsealing does not satisfy the collateral-order exception. *See, e.g.*, *United States v. Moussaoui*, 43 F. App'x 612, 614 (4th Cir. 2002) (per curiam) ("The order denying Moussaoui's motion to unseal certain documents fails all three prongs of the *Cohen* analysis: it may be reconsidered by the district court at any time; it is intertwined with the merits of the prosecution; and it is subject to review on appeal."); *see also Burke*, 2024 WL 2698025, at *1 ("The denial of Burke's motion to unseal the search warrant affidavit does not qualify for immediate review under the collateral order doctrine.").

**2. The order denying unsealing does not satisfy *DiBella*'s exception.**

Alternatively, the motion to unseal fails *DiBella*'s exception. *First*, the motion was not "solely for return of property." *See DiBella*, 369 U.S. at 131. The motion sought access to the search warrant affidavit [redacted]

[redacted] Plainly, the motion is not limited to a request for return of property. *See Furina*, 707 F.2d at 84 ("Appellants have made it very clear that they seek more than return of property. Suppression of evidence is the primary aim of their motions, and that is enough under *DiBella* to require that on this record the appeal be dismissed.").

That fact distinguishes this case from *Sealed Search Warrants*, *contra* Mov. Br. 2, where the Fifth Circuit held that an order denying a motion to unseal search warrant affidavits before indictment was "final and appealable." *Sealed Search Warrants*, 868 F.3d at 388. Because the target "expressly *[did] not* seek the suppression of evidence," the Fifth Circuit held, "the exception of *DiBella* applies and jurisdiction exists." *Id.* at 389, 390. By contrast, here, the movant has consistently argued access to the affidavit is necessary to challenge the constitutionality of the search, not just to seek return of property. *See* JA9–13, JA19, JA43–45, JA51; Mov. Br. 1, 8–9, 11, 14, 19, 21–22.

As for whether the motion is "tied to a criminal prosecution in esse against the movant," *DiBella*, 369 U.S. at 131, the movant is the subject of an active federal criminal investigation. In *Sealed Search Warrants*, the Fifth Circuit determined the motion to unseal satisfied the second prong of *DiBella* because "[a] warrant issued pre-indictment is, by definition, issued before criminal charges are filed." 868 F.3d

at 389. That reasoning is inconsistent with this Court's precedent recognizing there does not "need to be a complaint or indictment filed against someone for there to be 'a criminal prosecution *in esse* against' him." *In re: Search Warrants Issued Feb. 18, 2022*, 111 F.4th at 322 (quoting *DiBella*, 369 U.S. at 131). "Rather, it suffices if other 'parts of the federal prosecutorial system leading to a criminal trial' have begun." *Id.* (quoting *DiBella*, 369 U.S. at 131). For example, "there is a 'criminal prosecution *in esse*'" where "a grand jury investigation is presently ongoing." *United States v. Reg'l Consulting Servs. for Econ. & Cmty. Dev., Inc.*, 766 F.2d 870, 874 (4th Cir. 1985).

To be sure, the government has not located any authority squarely holding that an ongoing criminal investigation constitutes "a criminal prosecution in esse" absent grand jury proceedings. *Cf. In re: Search Warrants Issued Feb. 18, 2022*, 111 F.4th at 324 n.15 (distinguishing *In re: Search Warrant Issued June 13, 2019*, 942 F.3d 159 (4th Cir. 2019), on the ground that the movant "was not the subject of an ongoing criminal investigation"). But the Court need not reach that question here because the movant's "failure to meet the first prong of *DiBella* is sufficient to warrant dismissal for lack of jurisdiction." *United States v. Nocito*, 64 F.4th 76, 83 (3d Cir. 2023); *see also In re Sealed Case*, 716 F.3d 603, 608 (D.C. Cir. 2013) (reasoning that, because the "motions fail[ed] the first prong of the *DiBella* test," the court had

no need to "consider whether they are also 'tied to a criminal prosecution *in esse* against'" the movant).

The movant invokes this Court's jurisdiction only under § 1291. Mov. Br. 1–2. But even if he were to suggest this Court has jurisdiction under 28 U.S.C. § 1292(a)(1) because his motion sought injunctive relief, "*DiBella* would still apply." *In re: Search Warrants Issued Feb. 18, 2022*, 111 F.4th at 324. *DiBella* "extends to all motions and suits, couched in law and equity alike, that resemble Rule 41(g) motions." *Id.* Because the motion "fails *DiBella*'s test," the Court "lack[s] both § 1291 and § 1292(a)(1) jurisdiction." *Id.*

**C. No other basis for jurisdiction exists.**

The government is not aware of any other basis for the Court's jurisdiction. The Court has "stated '[m]andamus, not appeal, "is the preferred method of review for orders restricting [access] to criminal proceedings."'" *In re Application of U.S. for an Order Pursuant to 18 U.S.C. § 2703(d)*, 707 F.3d 283, 288 (4th Cir. 2013) (alterations in original) (quoting *Balt. Sun Co. v. Goetz*, 886 F.2d 60, 63 (4th Cir. 1989)). If the movant asks the Court to treat his appeal as a petition for mandamus, then the Court should deny such petition because he has "fail[ed] to establish . . . a clear and indisputable right to the relief sought." *See id.*

## Conclusion

The Court should dismiss the appeal for lack of jurisdiction.

Respectfully submitted,

Todd W. Blanche
Attorney General

Theophani K. Stamos
First Assistant United States Attorney

/s/
___________________________________

Jacqueline R. Bechara
Assistant United States Attorney

**Certificate of Compliance**

I certify that this brief was written using 14-point Times New Roman typeface and Microsoft Word 365.

Consistent with the Court's order directing the parties to file supplemental briefs, Doc. 54, I further certify that the body of this brief does not exceed ten pages. This brief contains 2,460 words as counted by Microsoft Word, excluding the table of contents, table of authorities, signature block, and this certificate.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions.

/s/
Jacqueline R. Bechara
Assistant United States Attorney